**This order is SIGNED.**

**Dated: June 11, 2025**

PEGGY HUNT
U.S. Bankruptcy Judge



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy Case No. 24-25099 |
|---|---|
| PABLO CORREA and ESTHER CORREA, | Chapter 13 |
| Debtors. | Honorable Peggy Hunt |

## MEMORANDUM OPINION

This case presents the question of whether a towable travel trailer qualifies as a "mobile home" and, therefore, as an exempt homestead under Utah Code § 78B-5-503. Based on the definition of "mobile home" under Utah Code § 57-16-3(4), expressly incorporated in § 78B-5-503, the Court concludes that the Debtors may exempt the travel trailer from property of their estate under § 522(b) of the Bankruptcy Code.[1]

---

[1] 11 U.S.C. § 101 *et seq.* Future references to the "Bankruptcy Code" are to Title 11 of the United States Code.

I.      **JURISDICTION AND VENUE**

The Court has jurisdiction over this case under 28 U.S.C. §§ 157(a) and 1334(b), as well as under the Order of Reference of the United States District Court for the District of Utah at DUCivR 83-6.1. Pursuant to 28 U.S.C. § 157(b)(1), this Court may hear and determine the present contested matter by entry of a final order because it is a "core proceeding." This matter arises under the Bankruptcy Code and arises in the above-captioned case, and is included as a core proceeding under 28 U.S.C. § 157(b)(2)(B). Venue of the Debtors' case is not contested and is proper under 28 U.S.C. § 1408.

II.     **FACTS**

The Debtors are a married couple living on a fixed income that is below the average median income for families of two in the State of Utah.[2] In October 2022, the Debtors sold a home that had been their residence and used the proceeds to purchase a 2018 Flagstaff by Forest River V-Lite 26FKS (the "**Flagstaff**").[3] Flagstaffs by Forest River are towable accommodations.[4]

The Debtors do not own real property.[5] The Flagstaff is located in a mobile home community park on land the Debtors lease from the park pursuant to an annual lease agreement requiring them to pay monthly rent of $680.[6] The Flagstaff is and has been in a fixed location with a designated spot in the park, a unit number, and a mailing address.[7]

---

[2] Dkt. No. 34 (Debtors' Response, Statement of Facts (hereinafter, "**Resp.**")), ¶ 5; Dkt. No. 34-1 (Declaration (hereinafter "**Dr. Dec.**")), ¶ 1.
[3] Resp., ¶¶ 6, 7; Dr. Dec., ¶¶ 2, 3.
[4] Dkt. No. 24 (Trustee's Objection (hereinafter, "**Obj.**")), ¶ 16.
[5] Dkt. No. 8 (Schedule A/B), ¶ 1; Resp., ¶ 10; Dr. Dec., ¶ 6.
[6] Dkt. No. 8 (Schedule J), ¶ 4; Resp., ¶¶ 8, 9; Dr. Dec., ¶ 5; Obj., ¶ 3. The Resp.'s Statement of Facts has two paragraphs numbered seven and two paragraphs numbered nine. The Court's references to ¶ 7 or ¶ 9 are to one or both of the same numbered paragraphs in the Statement of Facts.
[7] Resp., ¶¶ 9, 11, 13; Dr. Dec., ¶¶ 7, 8.

The Debtors have resided in the Flagstaff since they purchased it, and they consider it their permanent abode.[8] They intend to continue to use the Flagstaff as a residence and have never traveled in it or used it for recreational purposes.[9] Electrical and sewer connections are provided by the park, and the Debtors' water is obtained through an exterior hose that accesses city water.[10] Inside, the Flagstaff is heated and has air conditioning, a toilet, a shower, sinks, a refrigerator, an oven, a television, a radio, and speakers.[11] Utility, sewage, and water bills are paid by the Debtors.[12]

The Debtors filed a petition seeking relief under Chapter 13 of the Bankruptcy Code on October 3, 2024. They disclosed ownership of the Flagstaff in paragraph 4.1 of their Schedule A/B, the paragraph pertaining to, among other things, motor homes and other vehicles. The Debtors chose to list the Flagstaff on paragraph 4.1 because the Flagstaff is not real property disclosed in paragraph 1 of Schedule A/B, and the Debtors did not believe there was a place in the form to list a residence that is not affiliated with real property ownership.[13] They maintain that the current value of the Flagstaff is $21,600.[14]

The Debtors claimed the Flagstaff as an exempt homestead in their bankruptcy case under Utah Code § 78B-5-503(2)(a)(ii) and (b)(ii).[15] The Trustee timely filed an *Objection* to the Debtors' claimed exemption, and the Debtors filed a *Response*.[16] The Debtors' testimony set forth in a

---

[8] Resp., ¶¶ 7, 12, 13; Dr. Dec., ¶¶ 3, 8.
[9] Resp., ¶¶ 11, 13; Dr. Dec., ¶¶ 7, 8.
[10] Resp., ¶ 9.
[11] *Id.* ¶ 7.
[12] *Id.*; Dr. Dec., ¶ 4.
[13] Resp., ¶ 24.
[14] Dkt. No. 8 (Schedule A/B), ¶ 4.1.
[15] Dkt. No. 8 (Schedule C), ¶ 2.
[16] *See* Dkt. Nos. 14, 24, 25, 34. *See also* Fed. R. Bankr. P. 4003(b).

*Declaration* was proffered at a hearing without objection and was received into evidence.[17] The parties agreed that they did not contest the factual allegations in their respective pleadings.[18] Based on the noted pleadings, the evidence, the record in this case, and the applicable law, the Court made its findings of fact and conclusions of law on the record that were incorporated into an *Order* overruling the Trustee's Objection.[19] This *Memorandum Opinion* memorializes that ruling.

### III. ANALYSIS

The Utah Exemptions Act[20] applies in determining whether the Flagstaff may be exempted from property of the Debtors' estate.[21] The Court concludes that the Flagstaff is a "mobile home" that may be exempt as a homestead under § 78B-5-503 of the Utah Exemptions Act.

Utah has long recognized the importance of an individual's homestead. Article XXII, Section 1 of the Utah Constitution begins, "[t]he Legislature shall provide by statute for an included exemption of a homestead . . . ." This statute is included in the Utah Exemptions Act at Utah Code § 78B-5-503. The general policy behind Utah's homestead exemption is to "protect citizens and their families from the miseries and dangers of destitution."[22] Under Utah law, "homestead statutes should be liberally construed."[23]

---

[17] Dkt. No. 34-1. *See also* Dkt. No. 61 (Audio Recording dated April 22, 2025), at 10:47–10:48 a.m.; Dkt. No. 67 (Audio Recording dated May 14, 2025), at 1:04–1:05 p.m.
[18] *Id.*
[19] Dkt. No. 70.
[20] Utah Code § 78B-5-501 *et seq.*
[21] 11 U.S.C. § 522(b)(1) – (2); Utah Code § 78B-5-513.
[22] *P.I.E. Emps. Fed. Credit Union v. Bass*, 759 P.2d 1144, 1145 (Utah 1988); *Panagopulos v. Manning*, 69 P.2d 614, 618 (Utah 1937).
[23] *P.I.E. Emps. Fed. Credit Union*, 759 P.2d at 1151. *See also Fink v. O'Neil*, 106 U.S. 272, 275 (1882) (explaining courts should "favor by liberal interpretations the exemptions in favor of the debtor"); *In re Lampe*, 331 F.3d 750, 754 (10th Cir. 2003) ("In determining whether a debtor is entitled to claim an exemption, the exemption laws are to be construed liberally in favor of exemption.") (quoting *In re Ginther*, 282 B.R. 16, 19 (Bankr. D. Kan. 2002)); *In re Stephens*, 402 B.R. 1, 6 (B.A.P. 10th Cir. 2009) ("[M]ost, if not all, state courts generally require homestead exemptions to be liberally construed in favor of debtors."). *See also In re Busch*, 294 B.R. 137, 142 (B.A.P. 10th Cir. 2003) ("Property interests of parties in bankruptcy proceedings are 'created and defined by state law.'") (quoting *Butner v. United States*, 440 U.S. 48, 55 (1979)).

Section 78B-5-503 outlines who may claim a homestead exemption and the scope and amount of the exemption. The express terms of subsection (2) of this statute state in relevant part that individuals jointly owning "property in this state"[24] are entitled to a homestead exemption in an amount "not exceed[ing] $84,000 per household"[25] if the property "is the primary personal residence" of the owners.[26]

Included in the homestead exemption are mobile homes. Section 78B-5-503 states that an individual may claim a homestead exemption in "a mobile home in which the claimant resides."[27] To claim an exemption of up to $84,000, the mobile home must be "a primary personal residence[.]"[28] A "primary personal residence" means "a dwelling or mobile home . . . in which the individual and the individual's household reside."[29]

There is no question in this case that mobile homes may be claimed as exempt or that the Flagstaff is the Debtors' primary personal residence. The issue in dispute is whether the Flagstaff is a "mobile home." The Debtors rely on the definition of "mobile home" in § 78B-5-503(1)(b). The Trustee, on the other hand, claims the Flagstaff is a non-exempt recreational vehicle.

Section 78B-5-503(1)(b) states "'[m]obile home' means the same as that term is defined in Section 57-16-3" of the Utah Mobile Home Park Residency Act.[30] Section 57-16-3(4) in turn defines "mobile home" as "a transportable structure in one or more sections with the plumbing,

---

[24] Utah Code § 78B-5-503(2)(a).
[25] *Id.* § 78B-5-503(2)(b)(ii).
[26] *Id.* § 78B-5-503(2)(a)(ii).
[27] *Id.* § 78B-5-503(2)(c).
[28] *Id.* § 78B-5-503(2)(a)(ii) and (b)(ii); *id.* § 78B-5-503(1)(d)(i).
[29] *Id.* § 78B-5-503(1)(c).
[30] Utah Code § 57-16-1 *et seq.*

heating, and electrical systems contained within the unit, which when erected on a site, may be used with or without a permanent foundation as a family dwelling."

It is uncontested that the Flagstaff has plumbing, heating, and electrical systems within it. The questions to be resolved are first whether the Flagstaff is a "transportable structure," and second whether the Flagstaff is "erected on a site . . . with or without a permanent foundation as a family dwelling." The Court concludes that the Flagstaff is a transportable structure erected on a site and used as a family dwelling and, therefore, a mobile home under § 57-16-3(4) that is an exempt homestead under § 78B-5-503.

### A. The Flagstaff is a Transportable Structure

To be a "mobile home," the Flagstaff must be a "transportable structure." The parties implicitly stipulate that the Flagstaff is "transportable." It is uncontested that the Flagstaff is a "towable accommodation" and that the Debtors could have, but have not, travelled with the Flagstaff. Thus, the Flagstaff is transportable.

The word "structure" is not defined in the statute. Under Utah law, "the first step of statutory interpretation is to look to the plain language, and '[w]here statutory language is plain and unambiguous, this Court will not look beyond the same.'"[31] "Absent any statutory definition, terms should be given their ordinary meaning."[32] The word "structure" is commonly defined as "any construction, production, or piece of work artificially built up or composed of parts

---

[31] *Bryner v. Cardon Outreach, LLC*, 2018 UT 52, ¶ 9, 428 P.3d 1096 (quoting *Garrard v. Gateway Fin. Servs., Inc.*, 2009 UT 22, ¶ 11, 207 P.3d 1227).
[32] *U.S. v. McCullah*, 76 F.3d 1087, 1102 (10th Cir. 1996).

purposefully joined together."[33] The Flagstaff is a "structure" because it is a piece of work artificially composed of parts purposefully joined together.

The Trustee, looking to definitions in Utah's Motor Vehicle Act[34] and municipal ordinances,[35] argues that the Flagstaff is not a "structure" but rather is a "vehicular unit" that should instead be categorized as a recreational vehicle.[36] It is unclear why the Trustee would look to the definitions in these other statutes rather than evaluating whether the Flagstaff is a "transportable structure" under § 57-16-3(4), the application of which is required under § 78B-503(1)(b). The Utah legislature made an intentional decision to tether the term "mobile home" in § 78B-5-503 to § 57-16-3. It could have referenced other statutory provisions, but it unambiguously chose not to do so. Though there may exist multiple definitions for "mobile home" or other types of vehicles that could be affiliated with a mobile home throughout the Utah Code and in municipal codes within Utah, the legislature's choice to expressly define the term "mobile home" in one specific way evidences an intent not to define the term in any different way.[37] This Court is bound to apply the law the Utah legislature enacted, and the plain meaning of this statute is clear. Thus, the Court will not, as urged by the Trustee, look to define the Flagstaff other than under § 57-16-3(4).

---

[33] *Structure*, BLACK'S LAW DICTIONARY (12th ed. 2024) (last visited May 13, 2025). *See also Structure*, MERRIAM-WEBSTER DICTIONARY (last visited May 13, 2025) ("[S]omething arranged in a definite pattern of organization.").
[34] Utah Code § 41-1a-101 *et seq.*
[35] *See* Obj., ¶¶ 9–15 (citing Utah Code § 41-1a-101 *et seq.*; LAYTON CITY, UTAH, MUN. CODE §§ 19.02.020 (defining "travel vehicle"); 19.11.020 ("Campers, trailers, and motor homes are considered travel vehicles for the purposes of this Title."); 19.11.110 ("No individual space in a travel vehicle park shall be used by one individual vehicle for more than 30 consecutive days, nor shall such space be rented or leased to any one individual for a period longer than 30 days.")).
[36] *Id.* ¶ 18.
[37] *See generally McKitrick v. Gibson*, 2021 UT 48, ¶ 37, 496 P.3d 147 ("'[W]e presume, absent a contrary indication, that the legislature used each word advisedly' . . . [and] 'the expression of one [term] should be interpreted as the exclusion of another.'") (first quoting *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 14, 267 P.3d 863; then quoting *Bagley v. Bagley*, 2016 UT 48, ¶ 10, 387 P.3d 1000).

### B. The Flagstaff is Erected on a Site and Used as a Family Dwelling

The Flagstaff also is "erected on a site [that] may be used with or without a permanent foundation as a family dwelling."[38] No one disputes the Flagstaff is located on a site in the mobile home park and has been used by the Debtors as a family dwelling. The question is whether the Flagstaff is "erected" on the site in the park. Again, because this word is not defined in the statute, the Court turns to its ordinary meaning.

The word "erect" is generally defined as "to construct" or "to establish."[39] Here, the Flagstaff was not "constructed" on the site in the mobile home park, but it has been "established" there. It is in a designated spot within the park, with its own unit number and mailing address, and it has been fixed in that location for over two years. It is connected to electrical, sewer, and water utilities facilitated by the park. It is not constructed on a permanent foundation, but under the plain terms of § 57-16-3(4) it need not be.[40] The Debtors intend to reside in the Flagstaff in the park in the future. The Flagstaff is thus a transportable structure that has been erected in the mobile home park under § 57-16-3(4), making it a "mobile home" exempt as a homestead under § 78B-5-503.

### IV.  CONCLUSION

Based on the undisputed facts in this case, the Flagstaff is a "mobile home" under § 57-16-3(4) that is an exempt homestead under § 78B-5-503.

—END OF OPINION—

---

[38] Utah Code § 57-16-3(4).
[39] *Erect*, BLACK'S LAW DICTIONARY (12th ed. 2024). *See also Erect*, OXFORD ENGLISH DICTIONARY (last visited June 6, 2025) ("To set on a foundation, construct, establish.").
[40] *See In re Carlson*, 303 B.R. 478, 488 (B.A.P. 10th Cir. 2004) (holding a debtor need not own the land beneath a mobile home to be entitled to a homestead exemption under the Utah Exemptions Act).

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing *Memorandum Opinion* shall be served on the parties in the manner designated below:

**By Electronic Service**: The parties of record in this case, as identified below, are registered CM/ECF users.

- **Ryan D. Baxter**    ryan.baxter.law@gmail.com, r47530@notify.bestcase.com
- **Lon Jenkins tr**    ecfmail@ch13ut.org, lneebling@ch13ut.org
- **Dean A. Stuart**    dean@brucerichards.law, lynn@richardsandassociateslawoffice.com
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail**: In addition to the parties receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

*None.*